I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 9-9-10

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

SEP - 9 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONALD EVERETT,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | Case No. CV 10-06369 DMG (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the court is a petition for writ of habeas corpus ("Petition") brought by Ronald Everett ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims directed at Petitioner's sentence of life in prison, imposed on January 17, 1984, which he received after his December 1, 1983 conviction of one count of kidnaping for purposes of robbery, one count of credit card fraud, seven counts of robbery, and firearm use enhancements. Petitioner was convicted and sentenced in the California Superior Court for Los Angeles County (case no. A625922). For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

At the outset, the court notes Petitioner has checked more than one box on the court-approved petition form to indicate the Petition concerns "a conviction and/or sentence" *and* "a parole problem." (Pet. at 1.[1]) Some of his attachments are also relevant to recent denials of parole. However, in paragraph seven of the Petition where Petitioner was instructed to state his grounds for relief, he does not state any claims but cites to an attached appendix. (Pet. at 5.) That appendix is a copy of a state

---

[1] Petitioner did not consecutively number the pages of the Petition and the attachments as required by Local Rule 11-3.3. For sake of clarity, the court cites the pages of the Petition, as well as the separately-numbered attachments, by referring to the electronic pagination furnished by the court's official CM-ECF electronic document filing system.

habeas petition filed in the California Superior Court for Los Angeles on June 8, 2009. (Pet. at 15-36.) In that petition, Petitioner raised two claims challenging his *sentence* (Pet. at 22), specifically arguing that it violated the terms of his plea agreement and the 13th Amendment. (Pet. at 24, 29.) The court construes the pending Petition accordingly and finds in this action Petitioner is raising two claims directed at his sentence imposed on January 17, 1984. (Attach. at 2.)

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a federal habeas petition. *See Lindh*, 521 U.S. at 322 (the AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment ended on April 24, 1997).

The face of the Petition and relevant state court records[2] establish the following relevant facts. On January 17, 1984, Petitioner was sentenced based on the December 1, 1983 convictions to a total term of life in state prison, plus a concurrent term of seven years. (Attach. at 2-3.) The California Court of Appeal, Second Appellate

---

[2] The court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

District, Division Two, affirmed the judgment on direct appeal on January 22, 1985 (case no. B004459). (State court records.) Petitioner does not appear to have filed a petition for review in the California Supreme Court or a petition for certiorari with the United States Supreme Court. Therefore, for purposes of AEDPA's limitations period, his conviction became final on March 3, 1985, the fortieth day after the California Court of Appeal affirmed the judgment of conviction. *See* CAL. CT. R. 8.366(b)(1); 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Smith v. Duncan*, 297 F.3d at 812-13. Because the conviction became final before AEDPA's April 24, 1996 enactment date, Petitioner had until April 24, 1997, to file a federal habeas petition. *Patterson*, 251 F.3d at 1246. Petitioner did not constructively file his pending Petition until August 11, 2010[3] -- 4,857 days (more than 13 years) after the expiration of the limitations period.

Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C. Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734; *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-

---

[3] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed by the clerk on August 25, 2010. (Pet. at 1.) However, for purposes of the timeliness analysis, the court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on August 11, 2010, the date he ostensibly signed and dated it (the envelope containing the Petition was postmarked on August 13, 2010). (Pet. at 8; Attach. at 56.)

conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner has filed one habeas petition in the superior court, three habeas petitions in the state court of appeal (case nos. B055429, B215346, B219414), and four in the California Supreme Court (case nos. S019866, S092372, S174841, S178779). (Pet. at 15-36; state court records.) Two of those petitions were filed and denied in 1991 (case nos. B055429, S019866). Petitioner is not entitled to any statutory tolling for those two petitions because they were filed and denied before April 24, 1996, AEDPA's enactment date. *Lindh*, 521 U.S. at 322. At that stage, there was nothing to "toll" because the limitations period had not yet started to run. *See, e.g., Evans v. Senkowski*, 105 F. Supp. 2d 97, 99 n.1 (S.D.N.Y. 2000) ("In light of the fact that the AEDPA

statute did not begin to run until April of 1996, any post-conviction practice taking place before the effective date of AEDPA is irrelevant and will not be discussed herein.").

///

///

Further, the remaining six of Petitioner's state habeas petitions were all filed several years after the expiration of the limitations period on April 24, 1997. The first of those petitions (case no. S092372) was filed on October 20, 2000, approximately 3½ years after the limitations period expired, and was denied April 25, 2001. (State court records.) The remaining five petitions were all filed several more years later in 2009 (case no. B215346 - filed 4/14/09, denied 4/28/09; superior petition - case no. A625922, constructively filed 5/31/09, denied July 23, 2009[4]; case no. S174841 - filed 7/22/09, denied 12/17/09; case no. B219414 - filed 10/6/09, denied 10/13/09; case no. S178779 - filed 12/17/09, denied 6/30/10). (Pet. at 23; state court records.) Petitioner is also not entitled to statutory tolling for any of those petitions because they were all filed long after the limitations period expired. *See Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

The face of the Petition and relevant state court records establish Petitioner is not entitled to any statutory tolling of the limitations period.

**D.     Alternative Start of the Statute of Limitations**

    **1.     State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

---

[4]     The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). (*See* Pet. at 4, 25.)

Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery of the factual predicate.

## E. Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

The Petition and attachments do not show Petitioner is entitled to equitable tolling in this case.

## ORDER

Based on the foregoing, the court finds the Petition is untimely. Accordingly, Petitioner shall have until **September 30, 2010,** to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any

exhibits what, if any, factual or legal basis he has for claiming that the court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the court's above analysis is correct and the Petition is clearly time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: September 9, 2010

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE